# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Anthony Walker, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No: 16 C 50040 |
| Ingersoll Cutting Tools, | ) ) ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion to alter or amend judgment [66] is denied.

## STATEMENT

On July 6, 2018, this court granted defendant's motion for summary judgment on all of plaintiff's claims. Currently before the court is plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Pl.'s Mot."). For the reasons stated below, plaintiff's motion is denied.

Under Rule 59(e), a district court can alter or amend a judgment only if the moving party "can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff has not identified any newly discovered evidence, so the court need only consider whether its order contained a manifest error of law. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

Plaintiff's sole challenge to the court's ruling is with regard to his state law claim of retaliatory discharge. Plaintiff states that "the Court said that Plaintiff failed to demonstrate that his termination was the direct result of reporting a crime and as a result, failed to establish all of the elements necessary to prove a State Law Retaliatory Discharge claim." Pl.'s Mot. para. 5. This characterization of the court's order is inaccurate. In its order, the court listed causation as one of the required elements of a retaliatory discharge claim under Illinois law and explained that the ultimate issue in deciding causation is the employer's motive in discharging the employee. See Walker v. Ingersoll, No. 16 C 50040, slip. op. at 7 (N.D. Ill. July 6, 2018). After recognizing that defendant had identified evidence of legitimate reasons for terminating plaintiff and an absence of evidence of any prohibited reason, the court noted that plaintiff had pointed "to no evidence regarding defendant's motive in terminating him; he merely assert[ed] that he informed his supervisor of an alleged crime and that later on he was terminated." Id. at 7-8. To emphasize the point, the court reiterates: "[s]ummary judgment is a critical moment for a non-moving party. It must respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial. Inferences supported only by speculation or conjecture will not suffice." Johnson v. Advocate Health and Hosps. Corp., 892

F.3d 887, 894 (7th Cir. 2018) (citation omitted). The court concluded that "[p]laintiff [had] not shown evidence to support a reasonable inference that his termination was caused by informing his supervisor of" what plaintiff alleged was criminal behavior that had taken place during his exchange with a coworker. Walker, slip. op. at 8. In other words, the court did not decide, as plaintiff suggests, that plaintiff had failed to establish all the elements of retaliatory discharge; it merely concluded that plaintiff had failed to identify evidence to support a reasonable inference of one of the required elements of his claim. This means there was no genuine dispute for trial, and that summary judgment was warranted. See Johnson, 892 F.3d at 896 ("It is the plaintiffs' responsibility, on summary judgment, to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. It is the plaintiffs' responsibility to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 324 (1986)). Plaintiff's argument to the contrary is unavailing.

Plaintiff also argues that the court improperly applied Illinois Supreme Court law in citing Michael v. Precision Alliance Grp., LLC, 2014 IL 117376 (2014) in its explanation of the required elements of retaliatory discharge in Illinois. Plaintiff, attempting to distinguish the present case from Michael, notes that the Court in Michael ultimately applied the relevant law to facts adduced at trial, while this court made its decision at the summary judgment stage. See Pl.'s Mot. para. 8. Plaintiff fails to explain, however, why the requirements for retaliatory discharge in Illinois would change as a result of the stage of litigation. The court recognizes that the standard plaintiff must meet at summary judgment is lower than if it were at trial, but this does not affect the elements of plaintiff's claim. Plaintiff has thus failed to show that the court's ruling was a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto, 224 F.3d at 606.

Plaintiff restates that he was only required to show the existence of a genuine issue of material fact, not prove his claim. See Pl.'s Mot. para. 11. As explained above, the court did not conclude that plaintiff had failed to prove his claim; it merely held that plaintiff had failed to identify any evidence to support a reasonable inference of one of the required elements of his claim, and therefore that there was no genuine issue of material fact. The court understands that plaintiff does not agree with this conclusion; plaintiff's position is that his "reporting of his co-workers [alleged] illegal conduct prior to being terminated draws [sic] the inference of whether or not there is a causal relationship between his reporting the information and subsequently being terminated." Pl.'s Mot. para. 12. Unfortunately for plaintiff, "[a] manifest error is not demonstrated by the disappointment of the losing party." Oto, 224 F.3d at 606. Therefore, this ground for granting plaintiff's motion to amend or alter the judgment is also deficient.

For these reasons, plaintiff's motion to alter or amend judgment is denied.

Date: 7/11/2018          ENTER:

_____
FREDERICK J. KAPALA

District Judge